Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7879 | DATE | May 1, 2003 |
| CASE TITLE | Thomas Segreti  v  Supervisor Arthur Gillen, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **Memorandum opinion and order entered. Accordingly, defendants' motions to dismiss are denied. Defendants' answer to the second amended complaint is due by 5/20/03.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 5 2003 | |
| X | Notified counsel by telephone. | | date docketed | 411 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS SEGRETI, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 01 C 7879 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| Supervisor ARTHUR GILLEN, Correctional Officer EDWARD EMERSON and Correctional Officer D. CRISLER, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Segreti, formerly a prisoner in the custody of the Illinois Department of Corrections, has brought a two count, second amended complaint against Defendants Supervisor Arthur Gillen and Correctional Officers Edward and Crisler, pursuant to the 4th, 5th, and 14th Amendments of the U.S. Constitution and 42 U.S.C. § 1983. In Count I, plaintiff seeks compensatory and punitive damages, based on an alleged retaliatory transfer. Count II seeks compensatory and punitive damages, based on an alleged deprivation of a "synthetic liberty interest" in violation of the Due Process Clause of the 14th Amendment.

Defendants move to dismiss Count I for failure to state a claim, claiming plaintiff has not alleged the necessary chronology of events for a retaliatory transfer claim. Defendants further move to dismiss Count I against defendant Gillen, claiming he was not personally involved in the retaliation, and move to dismiss against all defendants, asserting they are protected as State employees under qualified immunity.

Defendants also move to dismiss Count II, alleging that plaintiff does not have a property interest in not being transferred to another prison or in maintaining eligibility for a work-release

program. Defendants have further moved to dismiss both Counts I and II, asserting that plaintiff did not serve defendants a summons for his original complaint within 120 days as required by Fed. R. Civ. P. 4. For the reasons stated below, defendants' motion is denied.

## Background

Prior to June 29, 2001, plaintiff was convicted of a criminal offense and sentenced to incarceration in the custody of IDOC. Beginning on or before June 29, 2001, plaintiff was placed in the work-release program, which allowed him to engage in "outside employment." On June 29 and June 30, plaintiff reported to his work at City Automotive Group and returned to the Transition Center, in accordance with the procedures of the work-release program. On July 2, 2001, plaintiff left for work, and when he returned to the Transition Center, he was confronted by Defendant Gillen who "falsely" advised plaintiff that his movement off the Center was not approved. According to plaintiff, Gillen became "agitated and verbally abusive" when plaintiff attempted to explain that he had been following proper procedure.

On July 3, 2001, plaintiff prepared a written grievance against Gillen, describing the confrontation from the previous evening. Plaintiff submitted the grievance to his counselor, Ms. George. After submitting this grievance, Gillen filed an Inmate Disciplinary Report ("I.D.R.") against plaintiff in which he was charged with violating the Illinois Administrative Code, specifically "Giving False Information to an Employee," "Insolence," and "Unauthorized Movement." Plaintiff claims that Gillen filed these charges even though he knew them to be false.

In response to the grievance, an Adjustment Committee Hearing was held by defendants Emerson and Crisler on July 5, 2001. Gillen was allowed to participate in the deliberations of

the hearing and dictated its result. On the same date, plaintiff was transferred out of the Transition Center and sent to Joliet Correctional Center.

## Standard for Motions to Dismiss

A complaint should not be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) unless "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hartford Fire Insurance Co. v. California, 509 U.S. 764, 113 S.Ct. 2891, 2917 (1993). The court accepts as true all of the plaintiff's well pled factual allegations, and gives the plaintiff the benefit of every reasonable inference that it may draw from these facts. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1979); Powe v. City of Chicago, 664 F.2d 639, 642 (7th Cir. 1981).

## Discussion

Defendants move to dismiss all counts generally, based on alleged procedural flaws. Defendants claim that plaintiff did not serve them timely with the original complaint and summons, and also that plaintiff failed to comply with the court's December 3, 2001, order granting plaintiff sixty days to file a second amended complaint.

Plaintiff filed his original complaint pro se on October 11, 2001. Plaintiff did not serve this original complaint on defendants. On December 3, 2001, this court granted leave for plaintiff to file a second amended complaint within sixty days, and appointed counsel who subsequently sought relief from his appointment on January 10, 2002. That request was granted on February 25, 2002, and the court appointed substitute counsel. That appointed counsel, however, was granted leave to withdraw on March 20, 2002. Then on March 25, 2002, Paul E. Wojcicki was appointed as plaintiff's counsel. On July 11, 2002, this court granted leave for

3

plaintiff to file his second amended complaint. Plaintiff then served the second amended complaint and summons within the 120 day requirement of Fed. R. Civ. P. 4, and defendants waived service.

This court granted plaintiff's July 11, 2002, motion to file a second amended complaint because plaintiff had been involved with a series of different court appointed counsel. Fed. R. Civ. P. 4(m) provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. Rule Civ. Pro. 4(m). This court granted its July 11, 2002, order pursuant to this rule. Plaintiff then complied with that order and served defendants within the 120 day service period. Further, defendants then waived service. Because plaintiff complied with this court's order, and then served defendants in a timely manner from that point, defendants' motion to dismiss all counts based on untimely service is denied.

### Count I

Defendants move to dismiss Count I, claiming that plaintiff has not alleged the requisite chronology of events to support a claim of retaliatory transfer. To state a retaliatory transfer claim, plaintiff must set forth a chronology of events from which retaliation may be inferred. Murphy v. Lane, 833 F.2d 106, 108 (7th Cir. 1987). Plaintiff alleges that he returned from work on July 3, 2001, and was confronted by Gillen. Plaintiff then filed a grievance against Gillen. The following day, Gillen filed an I.D.R. against plaintiff, even though, according to plaintiff, Gillen knew those allegations were false. Plaintiff claims that he was not guilty of the violations charged, and followed all of the proper procedures regarding his work-release enrollment. A hearing regarding the I.D.R. was held the following day, in which Gillen participated and dictated the result. Plaintiff was subsequently taken off work-release and transferred to the Joliet

4

facility. Therefore, accepting plaintiff's well-pled allegations as true, plaintiff has alleged a chronology, or sequence of events, which could support a claim of retaliation. Plaintiff claims that Gillen filed the I.D.R. solely to retaliate for plaintiff's having filed the grievance against him.

Further, plaintiffs are under no obligation to prove motivation at this pleading stage. Because of the difficulty of proving intent at the time of a complaint, it is sufficient for plaintiff to allege a sequence of events that supports an inference of retaliation. Id. at 108; Benson v. Cady, 761 F.2d 335, 342 (7th Cir. 1985). Therefore, defendants' motion to dismiss Count I based on failure to allege a sufficient sequence of events to support a retaliatory transfer claim is denied.

Defendants further move to dismiss Count I against defendant Gillen because he was not personally involved with the alleged violation under the retaliation claim. For a §1983 claim, a defendant is personally involved in the violation if he "act[ed] or fail[ed] to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occur[red] at [the defendant's] direction or with [the defendant's] knowledge and consent." Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985).

Plaintiff alleges that Gillen was responsible for the retaliation from its inception. Gillen was the supervisor who confronted plaintiff, and against whom plaintiff filed a grievance. Then, allegedly in response, Gillen filed an I.D.R. against plaintiff and participated in the hearing which eventually led to plaintiff's transfer. Assuming at this stage of the litigation that all of plaintiff's well-pled allegations are true, defendant Gillen was personally involved in the retaliation, and thus any deprivation of a plaintiff's rights would have been with Gillen's consent. Therefore, defendants' motion to dismiss Count I against defendant Gillen is denied.

5

Defendants also claim that plaintiff has failed to describe how the grievance motivated defendants Emerson and Crisler in making their decision. Again, plaintiff is not required to prove motivation at the pleading stage. Murphy, 833 F.2d at 108. Plaintiff has alleged that Emerson and Crisler not only allowed Gillen to participate in the hearing in violation of §504.80 of the Illinois Administrative Code, but also allowed him to dictate the result, in essence conducting a "sham" hearing. Giving plaintiff the benefit of every reasonable inference, this alleged conduct is sufficient participation in the sequence of events leading to the alleged retaliation.

Finally, defendants move to dismiss Count I, alleging that qualified immunity protects the State employees. When determining whether a State employee is protected by qualified immunity, the court must determine whether the plaintiff has alleged a constitutional deprivation, and then ask whether the constitutional right was clearly established at the time of the violation. Spiegel v. Cortese, 196 F.3d 717, 723 (7th Cir. 1999). Plaintiff claims he was transferred out of the work-release program as a form of retaliation for filing a grievance against Gillen. In this situation, plaintiff alleges he has been retaliated against after asserting his First Amendment right to free speech.

Plaintiff was exercising his First Amendment right to free speech both when he complained to Gillen and when he filed a formal grievance against him. Newsome v. Godinez, 2002 WL 485035 (N.D. Ill. March 28, 2002), at *2. The constitutional right to free speech was clearly established at the time of this incident. Further, it has long been clearly established that violating one's First Amendment rights through retaliatory transfer is a violation of §1983. Id. at *10; Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996); Buise v. Hudkins, 584 F.2d 223, 229

6

(7th Cir. 1978). Therefore, because plaintiff has alleged a constitutional violation, and that constitutional right was clearly established at the time of the violation, defendants' motion to dismiss Count I based on qualified immunity is denied.

Because plaintiff has alleged a sufficient sequence of events to support a claim of retaliation, defendant Gillen was personally involved in the alleged retaliation, and defendants are not entitled to qualified immunity, defendants' motion to dismiss Count I is denied.

## **Count II**

Defendants move to dismiss Count II, asserting that plaintiff has no property interest in remaining in the work-release program, or from being transferred from one facility to another, and therefore cannot establish a claim for any violation of due process. An inmate in prison has a property interest only in not having the length of his or her sentence changed. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995). The inmate does not have a property interest in not being transferred from one program or prison to another. Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996).

In this case, there was no change in the duration of plaintiff's sentence. Instead, plaintiff claims he has a "synthetic liberty interest" in not being removed from the work release program. In Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001), the Seventh Circuit held that an inmate has a statutory liberty interest in good-time credits and parole once they have been awarded pursuant to state or administrative regulations. Each prisoner is then entitled to remain in the class or designation that they have been assigned to, unless he or she commits a violation, because of the significant hardship such a reduction would impose upon the prisoner. Id. at 645.

The prisoner must thus be afforded due process before a reduction due to a rule violation can take place. Meeks v. McBride, 81 F.3d 717, 719 (7th Cir. 1996).

Work-release, which allows the inmate to participate in employment outside the penal institution, is analogous to parole. Both work-release and parole allow a measure of restricted, supervised liberty during the period otherwise encompassed by the inmate's sentence. An inmate's removal from work-release thus results in an "atypical and significant hardship [upon an inmate] in relation to the ordinary incidents of prison life." Roucchio v. Coughlin, 923 F.Supp. 360, 374-75 (E.D.N.Y. 1996). See also Quartararo v. Catterson, 917 F.Supp. 919, 940 (E.D.N.Y. 1996) (holding that there is an "atypical, significant hardship" placed upon the inmate when his earned participation in a work-release program, and thus his ability to secure gainful employment, is terminated). Therefore, the inmate has a statutory liberty interest in participation in the work-release program, once it has been awarded pursuant to 20 Ill.Adm.Code 504, which cannot be terminated without due process. Id. Defendants' motion to dismiss Count II based on plaintiff's lack of a property interest in remaining in work-release program is therefore denied.

## CONCLUSION

For the foregoing reasons the court: (1) denies defendants' motion to dismiss all counts based on untimely service; (2) denies defendants' motion to dismiss Count I for failure to state a claim, lack of personal involvement on the part of Gillen, and protection of defendants under qualified immunity; and (3) denies defendants' motion to dismiss Count II based on the lack of a property interest in remaining in the work-release program. Defendants are ordered to file an

8

answer to the second amended complaint on or before May 20, 2003. This case remains set for a report on status May 22, 2003, at 9:00 a.m.

**ENTER:** May 1, 2003

_Robert W. Gettleman_
**Robert W. Gettleman**
**United States District Judge**